J-S61045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES LEE COKER, JR., | |
| Appellant | No. 665 EDA 2017 |

Appeal from the Judgment of Sentence January 13, 2017
in the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0004079-2016

BEFORE:  LAZARUS, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 22, 2018**

Appellant, James Lee Corker, Jr., appeals from the judgment of sentence imposed on January 13, 2017, following his non-jury trial conviction of simple assault.[1]  Specifically, he contends that the trial court erred when it admitted hearsay testimony from the investigating officer.  We affirm.

We take the factual and procedural history in this matter from our review of the certified record and the trial court's April 3, 2017 opinion.  On April 25, 2016, Patrol Officer Roland Norman responded to a call at 120 Chester Avenue in Yeadon, Delaware County, Pennsylvania.  (**See** Trial Court Opinion, 4/03/17, at 3).  Officer Norman spoke to Lavanna Murray, the victim,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2701(a)(1).

who claimed that Appellant assaulted her after an argument. Officer Norman observed that she was distraught and bleeding from cuts on her forehead, and that there was blood on the floor. (***See id.***).

On January 13, 2017, the court conducted a non-jury trial. Officer Norman testified that upon arriving at the residence, he saw the victim had cuts on her head, and was bleeding from them. (***See*** N.T. Trial, 1/13/17, at 8). He further stated that he noticed blood on the floor of the apartment, and that the victim was distraught when he got there. (***See id.*** at 8-9). The trial court overruled Appellant's objection, and permitted Officer Norman to testify as to what the victim told him about how she injured her head, under the excited utterance exception to the hearsay rule. (***See id.*** at 10). Officer Norman explained that the victim told him that, after Appellant knocked on the window, she let him into her apartment. Shortly thereafter, she received a text message from a male, which made Appellant upset. The victim and Appellant started arguing, and she tried to run upstairs. Appellant caught her on the stairs and started assaulting her. (***See id.*** at 10-11).

Appellant testified in his own defense. He stated that he went to the victim's apartment to get his toothbrush and she attacked him. He claimed that the cut on the victim's forehead happened earlier when she was getting her hair done. (***See id.*** at 34, 36-38). Appellant denied hitting the victim. (***See id.*** at 38). At the conclusion of trial, the court found Appellant guilty of simple assault, and entered a sentence of no further punishment. The court

found Appellant not guilty of recklessly endangering another person.[2] (**See**
**id.** at 55). This timely appeal followed.[3]

Appellant presents one question on appeal.

I) [Whether] the court erred in allowing the hearsay testimony
of the investigating officer to be admitted over objection
where the statements were offered as substantive proof as
to what transpired on the night in question between
[Appellant] and the alleged victim, and where the alleged
victim never appeared for the trial and the officer was not
present to observe what actually took place[?]

(Appellant's Brief, at 7) (unnecessary capitalization omitted).

In his issue, Appellant claims that the court abused its discretion and

admitted hearsay evidence when it permitted Officer Norman to testify about

what the victim told him. (**See id.** at 11-18). Specifically, he argues that,

"the out-of-court statements did not amount to an excited utterance and,

more importantly, they were of such broad scope that Appellant was entirely

stripped of all confrontation rights afforded him by the United States

Constitution and the Pennsylvania Constitution." (**Id.** at 12). We disagree.

When reviewing a challenge to the admissibility of evidence,
we note that [t]he admissibility of evidence rests within the sound
discretion of the trial court, and such a decision will be reversed
only upon a showing that the trial court abused its discretion. An
abuse of discretion is not merely an error of judgment, but is
rather the overriding or misapplication of the law, or the exercise

---

[2] 18 Pa.C.S.A. § 2705.

[3] Pursuant to the court's order, Appellant filed his concise statement of errors
complained of on appeal on March 13, 2017. The trial court entered its opinion
on April 3, 2017. **See** Pa.R.A.P. 1925.

of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. Hearsay is defined as a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted. Hearsay testimony is *per se* inadmissible in this Commonwealth, except as provided in the Pennsylvania Rules of Evidence[,] by other rules prescribed by the Pennsylvania Supreme Court, or by statute.

***Commonwealth v. Gray***, 867 A.2d 560, 569-70 (Pa. Super. 2005), *appeal denied*, 879 A.2d 781 (Pa. 2005) (citations and quotation marks omitted).

Here, the trial court admitted Officer Norman's testimony about the victim's statement under the excited utterance exception to the hearsay rule.

In determining whether an out-of-court statement constitutes an excited utterance, we are mindful of the following principles:

Rule 803(2) of the Pennsylvania Rules of Evidence permits the admission of an excited utterance as an exception to the general rule that hearsay evidence is inadmissible. The Rule defines an excited utterance as: [a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event. [Pa.R.E. 803(2).] . . . [F]or a statement to be considered an excited utterance, it must be made spontaneously and without opportunity for reflection:

[A] spontaneous declaration by a person whose mind has been suddenly made subject to an overpowering emotion caused by some unexpected and shocking occurrence, which that person has just participated in or closely witnessed, and made in reference to some phase of that occurrence which he perceived, and this declaration must be made so near the occurrence both in time and place as to exclude the likelihood of its having emanated in whole or in part from his reflective faculties. . . . Thus, it must be

- 4 -

shown first, that [the declarant] had witnessed an event sufficiently startling and so close in point of time as to render her reflective though[t] processes inoperable and, second, that her declarations were a spontaneous reaction to that startling event.

. . . [T]his Court further held that there is no clear-cut rule as to the time sequence required for a statement to qualify as an excited utterance, but rather that fact-specific determination is to be made on a case-by-case basis.

Additionally, [i]n assessing a statement offered as an excited utterance, the court must consider, among other things whether the statement was in narrative form, the elapsed time between the startling event and the declaration, whether the declarant had an opportunity to speak with others and whether, in fact, she did so. Our [c]ourts have not established a bright line rule regarding the amount of time that may elapse between the declarant's experience and her statement. Rather, [t]he crucial question, regardless of time lapse, is whether, at the time the statement is made, the nervous excitement continues to dominate while the reflective processes remain in abeyance. It is the spontaneity of . . . an excited utterance [that] is the source of reliability and the touchstone of admissibility.

*Id.* at 570-71 (citations and quotation marks omitted).

In the instant case, the trial court explained that Appellant testified that he woke up at 2:00 a.m. and decided to go to 120 Chester Avenue. The victim called the police at 2:53 a.m., thus the trial court surmised that a "reasonable inference may be drawn that the incident did not occur earlier than 2:30 a.m." (Trial Ct. Op., at 6-7). When Officer Norman arrived on scene, the victim was "distraught, upset about what happened, and dabbing at her wounds." (*Id.* at 7). The court reasoned that although there was testimony that another woman arrived on scene after the incident and before Officer Norman,

nothing suggests that during the minutes between the incident and [the victim's] statements there was an opportunity to fabricate a false version of events. [The victim] said that during the heat of the argument with [Appellant] she became upset and ran up the steps. [Appellant] caught her at the top of the steps where the assault occurred. It is submitted that sufficient indicia of reliability existed based on the totality of these circumstances and that the "excited utterances" of the victim were admissible.

(*Id.*).

Upon review, we conclude that the trial court did not abuse its discretion when it permitted Officer Norman to testify about the victim's statements under the excited utterance hearsay exception. The record supports that the victim "witnessed an event sufficiently startling and so close in point of time as to render her reflective though processes inoperable and, second, that her declarations were a spontaneous reaction to that startling event." *See Gray*, *supra* at 570 (citations omitted). Furthermore, based on our review of the record, we agree that, regardless of time lapse between the attack and the victim's statement, her "nervous excitement continue[d] to dominate while [her] reflective processes remain[ed] in abeyance[,]" and her statements to Officer Norman were spontaneous. *Id.* at 571 (citation omitted). Therefore, we conclude that the trial court did not abuse its discretion. Appellant's issue does not merit relief.

Judgment of sentence affirmed.

Judge Lazarus joins the Memorandum.

Judge Ransom concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/18